of the grounds suggested by the appellant's counsel, after a fair trial upon the merits.

Judgment affirmed.

---

# Ebert, Appellant, *v.* Kaufmann.

*Appeals—Rule for penalty under act of May 19, 1897.*

On an appeal from a judgment on a verdict for defendant in a sheriff's interpleader, the penalty under the Act of May 19, 1897, P. L. 67, will be imposed, where it appears that the appellant filed no assignments of error, served no paper-book, suffered a non pros. and made no answer to the petition for the rule for penalty, which averred that the appellant when he bought the stock of goods in controversy made no request for a list of creditors of the vendor, and that he knew of the appellee's judgment.

Appeal, No. 144, October Term, 1907.

Petition for rule for penalty.

The petition was as follows :

That the above action was a sheriff's interpleader to determine the title to the stock and fixtures of a bakery purchased by Carl Ebert from his brother, Louis Ebert, August 1, 1905; that upon the trial of the case claimant admitted that he did not ask his brother for a list of the names and residences of his creditors, and that he knew of the Kaufmann judgment, and that his brother said he would pay Kaufmann ; that Louis Ebert admitted on cross-examination that his brother did not ask for a list of creditors.

That claimant made a motion for a new trial, and no argument being made in support thereof the rule was discharged June 18, 1907 ; that after taking the appeal appellant took no further proceedings in the matter, filed no assignments of error, served no paper-book and, when the case was called on October 7, 1907, suffered the appeal to be non. prossed.

Your petitioner therefore prays your honorable court to enter a rule on appellant to show cause why an attorney's fee of $25.00 and damages at the rate of six per cent per annum in addition to legal interest should not be awarded to appellee as

further co^ts, as provided in section 21 of the Act of assembly of May 19, 1897, P. L. 67.

PER CURIAM, October 21, 1907:
Rule absolute.

---

# First National Bank of Wampum v. Western Union Telegraph Company, Appellant.

*Negligence—Telegraph company—Banks and banking—Forgery—Contributory negligence—Proximate cause—Evidence.*

In an action by a bank against a telegraph company to recover damages for a loss sustained by the payment of a forged draft, it appeared that the plaintiff paid to a stranger the amount called for by the draft, which purported to be drawn by a Verona bank on a New York bank. Plaintiff had previously received from the Verona bank a forged letter advising it of this draft, and requesting plaintiff to cash it, and also had previously received a forged telegram purporting to come from Verona in confirmation of the letter. The telegraph company had no office at Verona. The plaintiff was not a correspondent of the Verona bank, and there was no legal duty upon it to pay the draft. Plaintiff had a bank directory, which, if examined, would have shown that the cashier's name signed to the letter and telegram, was wrongly spelled. The telegram if read without reference to the letter, was unintelligible. The man to whom the payment was made was not identified. *Held*, that the court committed error in not directing a verdict for the defendant.

Argued May 15, 1907. Appeal, No. 68, April T., 1907, by defendant, from judgment of C. P. Lawrence Co., Sept. T., 1904, No. 51, on verdict for plaintiff in case of First National Bank of Wampum v. Western Union Telegraph Company. Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass to recover damages for a loss alleged to have been caused by a forged telegram. Before PORTER, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* among others was in refusing binding instructions for defendant.